**DENTONS US LLP**
D. Farrington Yates
Giorgio Bovenzi
James A. Copeland
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
*Counsel for the Petitioner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 15 |
| MAPLE BANK GmbH, | Case No. 16-_____ (___) |
| Debtor in a Foreign Proceeding. | Recognition Request Pending |

**VERIFIED PETITION FOR RECOGNITION OF FOREIGN**
**PROCEEDING UNDER CHAPTER 15 AND MOTION**
**FOR ORDER GRANTING RELATED RELIEF**

Dr. Michael C. Frege, in his capacity as the appointed Insolvency Administrator and duly authorized foreign representative (in such capacity, the "Petitioner") for Maple Bank GmbH ("Maple Bank" or the "Debtor") in respect of that certain insolvency proceeding commenced pursuant to Sections 11, 16 and 19 of the German Insolvency Act) (the "GIA"), pending before the the insolvency court at the Frankfurt am Main Lower District Court (*Amtsgericht Frankfurt am Main*) (the "German Court"), File No. 810 IN 128/16 M (the "German Proceeding"), by and through its US counsel, Dentons US LLP, respectfully submits this verified petition and a related motion (together, the "Verified Petition") seeking, among other things, the entry of the proposed order attached hereto as Exhibit A (the "Proposed Order") (i) recognizing the German Proceeding (defined below) as (a) a "foreign main proceeding" or, in the alternative, (b) a "foreign non-main proceeding" under sections 1502(4), 1502(5), 1515, and 1517 of title 11 of the United States Code (the "Bankruptcy Code"); (ii) recognizing the Petitioner as the "foreign

-1-

representative" of the Debtor as defined in section 101(24) of the Bankruptcy Code; and (iii) granting such other and further relief as the Court deems just and proper.

In support of this Verified Petition, the Petitioner relies on (i) the *Joint Verification of Dr. Michael C. Frege and Charlotte Schildt in Support of Verified Petition for Recognition of Foreign Proceeding Under Chapter 15 and Motion for Order Granting Related Relief* (the "Joint Verification") and (ii) the *Declaration of Charlotte Schildt in Support of Verified Petition for Recognition of Foreign Proceeding Under Chapter 15 and Motion for Order Granting Related Relief* (the "Schildt Declaration") filed concurrently herewith and incorporated as if fully set forth herein. In addition to the Petitioner Declaration and in further support of the Verified Petition, the Petitioner respectfully represents as follows.[1]

## PRELIMINARY STATEMENT

Maple Bank's center of main interests ("COMI") and nerve center are in Germany. Moreover, the German Proceeding constitutes a collective foreign proceeding for purposes of chapter 15. Under these circumstances, recognition of the German Proceeding as a foreign main proceeding is proper, which Courts around the country have done regularly under similar circumstances (discussed further below). Like the request for recognition of the German Proceeding as a foreign main proceeding, the remaining relief sought in this Verified Petition is straightforward, unremarkable and expressly provided for by statute.[2]

## JURISDICTION, VENUE, AND ELIGIBILITY

1.     This Court has jurisdiction to consider this Petition pursuant to sections 157 and

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed in the Schildt Declaration.

[2]   While the Petitioner has not sought interim relief, the Petitioner reserves the right to do so as needed.

1334 of title 28 of the United States Code.   This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code.  *See* 28 U.S.C. § 157(b)(2)(P) ("Core proceedings include, but are not limited to . . . recognition of foreign proceedings and other matters under chapter 15 of title 11").

2.      Venue is proper in this Court pursuant to section 1410(1) of title 28 of the United States Code, which provides that "[a] case under chapter 15 of title 11 may be commenced in the district court of the United States for the district[] in which the debtor has its principal place of business or principal assets in the United States."  The majority of the Debtor's United States assets are located in this district, namely a bank account holding cash.  (Schildt Decl. ¶28).  Maple Bank also maintains one other U.S. bank account and is the sole shareholder of United States subsidiaries incorporated under Delaware law.  (*Id.*)

3.      The presence of the above assets within the US makes the Debtors eligible for relief under chapter 15 pursuant to section 109(a) of the Bankruptcy Code.  *See* 11 U.S.C. § 109(a) ("only a person that resides or has a domicile, a place of business, or property in the US, or a municipality, may be a debtor under this title"), *In re Sovereign Assets Ltd and Guy Gissin*, No. 14-13009 (SCC) (Bankr. S.D.N.Y. December 4, 2014) (Hr'g Tr. 9:19-10:16) [D.I. 26-1] (Chapman, J.: finding shares in U.S. subsidiaries organized under Delaware law satisfied the requirements of section 109(a)).

### **BACKGROUND**

A.     **Maple Bank**

4.      Maple Bank is a commercial bank organized under German law (a *Gesellschaft mit beschränkter Haftung*) that has operated since 1986.  (*See* Schildt. Decl. ¶7.)  Maple Bank's corporate purpose is commercial banking and it has established branch offices and participated in

other business to further this purpose.  (*Id*. ¶8.)  Its major business activities include borrowing and lending funds and securities,  entering into repurchase agreements, equity and bond trading, foreign exchange, and interest rate swaps.  (*See Id*.)

5.    Maple Bank maintains its registered headquarter office at Feuerbachstraße 26-32, 60325 Frankfurt am Main, Germany (the "Head Office").  (*Id*. ¶9.)  Maple Bank has branch offices in Toronto, Canada and Den Haag, Netherlands and operates regulated broker-dealer subsidiaries in London, England; Jersey City, New Jersey, U.S.A. and Toronto, Ontario, Canada. (*Id*.)  While Maple Bank has business relationships with several US-based banking entities and several other US counterparties, the bulk of Maple Bank's debtor-creditor relationships involve entities that are based in Germany.  (*Id*. ¶10.)

6.    German authorities believe certain of Maple Bank's trading activities violated German tax laws and have been investigating Maple Bank.  (See *id*. ¶12.)  They allege that Maple Bank has unpaid tax liabilities of up to €392 million.  (*Id*.)

**B.    The German Proceeding**

7.    On February 6, 2016 as a result of this investigation, BaFin issued a moratorium under Section 46a of the German Banking Act *(Kreditwesengesetz)* (the "February 6 Order") that bars Maple Bank from continuing with its normal business activities.  (*Id*. ¶11.)  BaFin's press release regarding the February 6 Order is attached to the Schildt Declaration as as **Exhibit A** and is incorporated herein by reference.

8.    On February 10, 2016, BaFin filed an application for the opening of insolvency proceedings with the German Court.  (*Id*. ¶13.)  Following such application, insolvency proceedings were opened by the German Court  on February 11, 2016.  (*Id*.)

**C.    The Appointment of Dr. Frege as the Insolvency Administrator**

-4-

9.      On February 11, 2016, the German Court issued an order appointing Dr. Michael C. Frege as the Insolvency Administrator (*Insolvenzverwalter*) of Maple Bank (the "February 11 Order"). (*Id.* ¶14.)  A copy of the February 11 Order opening the insolvency proceedings and appointing the Petitioner as the Insolvency Administrator is attached to the Schildt Declaration as **Exhibit B** and is incorporated herein by reference.

10.     Dr. Frege is vested with the sole power to administer the assets of the insolvency estate (*Insolvenzmasse*) of Maple Bank and to dispose of any of the assets contained therein. (*Id.* ¶15.)   He is responsible for, among other things, identifying, safeguarding, and disposing of assets so as to maximize distributions for creditors. (*See id.*)

**D.      German Insolvency Law and Procedures**

11.     The general purpose of the German Proceeding is:  (a) to protect the interests of and treat equally all of Maple Bank's creditors worldwide; and (b) to prevent impairment of Maple Bank's assets. (*Id.* ¶16.)

12.      The German Insolvency Act has priority and equality of distribution provisions similar to the Bankruptcy Code. (*Id.* ¶20.)  The Insolvency Administrator of the bankrupt company liquidates the assets of the bankrupt company and, after all of the assets of the bankrupt company are liquidated and claims against the bankrupt company are determined, the proceeds of these assets are distributed to creditors of the bankrupt company according to a priority scheme. (*Id.*)  The German Insolvency Act respects liens and security interests while treating creditors with similarly situated claims equally. (*Id.* ¶21.)

13.     All creditors of Maple Bank are entitled to file claims in the German Proceeding. (*Id.* ¶17.)  The final distribution of assets will occur pursuant to a distribution list. (*Id.*)  The distribution list is published and creditors are free to inspect and dispute it. (*See id.* ¶¶17-18.)

14.     The Petitioner must submit written public reports to the German Court on the financial status of Maple Bank and the progress of the German proceeding.  (See *id*. ¶25.)

**E.     Notice to Maple Bank's Creditors**

15.     Notice of the opening of insolvency proceedings is given by a German insolvency court by publication on its webpage: www.insolvenzbekanntmachungen.de.  (*Id*. ¶22.)  Here, notice was given on February 11, 2016.  (*Id*.)  The Petitioner will mail letters to all known creditors of Maple Bank pursuant to Section 8(3) of the German Insolvency.  (*Id*. ¶23.)

16.     Pursuant to Section 156 InsO of the German Insolvency Act, the German Court will schedule a meeting in coordination with the Petitioner to assemble Maple Bank's creditors' so that the Petitioner can report on (i) the reasons for Maple Bank's failure, (ii) the status of the German Proceeding, and (iii) the prospects for a successful reorganization and solicit the input of the creditors' assembly with respect to Maple Bank's insolvency proceeding.  (*See id*. ¶24.)

17.     The Petitioner respectfully refers the Court to the Schildt Declaration filed concurrently herewith and incorporated herein by reference for additional information regarding the Debtors' business operations, assets and liabilities, the circumstances leading to the commencement of the German Insolvency, German insolvency law, and these chapter 15 cases.

<u>**RELIEF REQUESTED**</u>

18.     The Petitioner respectfully requests that this Court enter an order, substantially in the form of the attached Proposed Order,

> (i)     recognizing the German Proceeding as (a) a "foreign main proceeding" or, in the alternative, (b) a "foreign non-main proceeding" under sections 1502(4), 1502(5), 1515, and 1517 of the Bankruptcy Code;
>
> (ii)     recognizing the Petitioner as the "foreign representative" of the Debtor as defined in section 101(24) of the Bankruptcy Code;
>
> (iii)     granting the Petitioner authority—pursuant to section 1521(a) of the Bankruptcy Code—to (a) examine witnesses, take evidence, and deliver

information concerning Maple Bank's assets, affairs, rights, obligations, and liabilities and (b) administer, realize, and distribute any and all of Maple Bank's assets within the territorial jurisdiction of the US;

(iv)  staying—pursuant to section 1521(a) of the Bankruptcy Code—the execution, commencement, or continuation of any action or proceeding concerning Maple Bank's assets, rights, obligations or liabilities to the extent they have not been stayed under section 1520;

(v)  suspending—pursuant to section 1521(a) of the Bankruptcy Code—the right to transfer, encumber or otherwise dispose of any of Maple Bank's assets to the extent any such right has not been suspended under sections 362 and 1520(a) of the Bankruptcy Code; and

(vi)  granting such other and further relief as the Court deems just and proper.

In addition, the Petitioner may—to the extent it deems necessary—return to this Court to seek recognition or enforcement of any orders entered by the German Court in connection with the German Proceeding or any other relief available to the Petitioner under chapter 15 of the Bankruptcy Code,.

**BASES FOR RELIEF**

19.    Chapter 15 of the Bankruptcy Code applies where assistance is sought in a US court by a foreign representative.  11 U.S.C. § 1501(b)(1).  The stated objectives of chapter 15 include: (i) cooperation between US courts and foreign courts in cross-border insolvency cases, (ii) "legal certainty for trade and investment," (iii) protection of all interested parties in a cross-border insolvency, and (iv) "maximization of the value of the debtor's assets."  11 U.S.C. § 1501(a); *see In re Oversight & Control Comm'n. of Avánzit, S.A.*, 385 B.R. 525, 534 (Bankr. S.D.N.Y. 2008).  The Petitioner respectfully submits that each of these goals can best be achieved by recognizing that Germany is Maple Bank's center of main interests (COMI) and thus, that the German Proceeding is a foreign main proceeding.

**A.    The German Proceeding is a "Foreign Main Proceeding"**

20.    Section 1517(a) of the Bankruptcy Code provides that, after a notice and hearing,

a court will enter an order recognizing a "foreign proceeding" as a "foreign main proceeding" if (i) such proceeding falls within the definition of a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code; (ii) "the foreign representative applying for recognition is a person or body;" and (iii) the chapter 15 petition satisfies the requirements set forth in section 1515 of the Bankruptcy Code. *See Oversight*, 385 B.R. at 532.

21.     Under section 1502(4) of the Bankruptcy Code, a "foreign main proceeding" is (i) a foreign proceeding (ii) "pending in the country where the debtor has the center of its main interests."   Under section 1517(b)(1) of the Bankruptcy Code, if the foreign proceeding is pending in a country where the debtor has its COMI, recognition as a "foreign main proceeding" is mandatory.   As discussed in greater detail below, the German Proceeding is a "foreign proceeding" pending in Maple Bank's COMI—Frankfurt, Germany.   Thus, pursuant to section 1517(b)(1) of the Bankruptcy Code, the German Proceeding should be recognized as a "foreign main proceeding."

### 1.     The German Proceeding is a "Foreign Proceeding"

22.     Under the Bankruptcy Code, a "foreign proceeding" means

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).   Thus, pursuant to section 101(23) of the Bankruptcy Code, a foreign proceeding must meet four requirements: (i) a collective judicial or administrative proceeding relating to insolvency or the adjustment of debts, (ii) pending in a foreign country, (iii) under the supervision of a foreign court, and (iv) for the purpose of reorganizing or liquidating a debtor's assets or affairs. *See id*.  Further, the Bankruptcy Code defines a "foreign court" as "a judicial or other authority competent to control or supervise a foreign proceeding."  11 U.S.C. § 1502(3).

-8-

23.     Here, the German Proceeding plainly qualifies as a "foreign proceeding" under the Bankruptcy Code.   First, the GIA's insolvency process constitutes a collective judicial proceeding as a result of Maple Bank's insolvency and inability to meet their debt obligations in the ordinary course.   (*See* Schildt Decl. ¶¶ 11-13; February 11 Order, Schildt Decl. Ex. B at 1 (opening proceeding due to Maple Bank's "imminent illiquidity").)   The German Proceeding meets this definition because it is a collective administrative proceeding under the GIA, which relates to insolvency and adjustment of debts.[3]   The German Court retains authority to issue any necessary order in connection with the German Proceeding and, therefore Maple Bank's assets are "subject to control or supervision by a foreign court" as required by section 101(23) of the Bankruptcy Code.   Second, the German Proceeding was commenced in a foreign country— Germany.   (Schildt Decl. ¶13.)   Third, the Petitioner's management of Maple Bank's assets and affairs is supervised by the German Court.   (Schildt Decl. ¶¶15-18, 22-25.)   And fourth, under the GIA, the Petitioner is mandated—much like a chapter 7 trustee under the Bankruptcy Code— to take possession and control of Maple Bank's property and assets, wherever situated, in order to maximize the value thereof, and distribute the proceeds to stakeholders commensurate with the GIA's statutory regime.   (*See* Schildt Decl. ¶¶15-16, 21.)

24.     Recognizing these aspects of a proceeding under the GIA, bankruptcy courts in the US routinely recognize GIA insolvency proceedings as "foreign proceedings" under chapter 15 of the Bankruptcy Code.   *See, e.g., In re O.W. Bunker Germany GmbH*, No. 15-13018 (SMB) (Bankr. S.D.N.Y. January 13, 2016) [D.I. 25] (recognizing German insolvency proceeding as

---

[3] Maple Bank's primary regulator, [BaFin], has announced that the German Proceeding will be an "indemnification case" under which depositors will be paid up to a statutory amount by the deposit insurance fund of German private banks (*Einlagensicherungsfonds*) (the "German Depositors' Fund"), which will then be subrogated to the depositors' claims.

foreign main proceeding), *In re Qimonda AG*, No. 09-14766 (RGM) (Bankr. E.D.Va. July 22, 2009) [D.I. 56] (same), *In re Lehman Brothers Bankhaus AG*, Case No. 09-12704 (JMP) (Bankr. S.D.N.Y. May 22, 2009) [D.I. 25] (same), *In re Industrie Planung Fischer Aktiengesellschaft*, No. 07-30662 (WRS) (Bankr. M.D. Al. June 19,2007) [D.I. 7] (same).

25.     Accordingly, the Petitioner respectfully submits that the German Proceeding should be recognized as a "foreign proceeding" under section 101(23) of the Bankruptcy Code.

**2.     Maple Bank's COMI is Frankfurt, Germany**

26.     The Bankruptcy Code does not define COMI, though "in the absence of evidence to the contrary, the debtor's registered office . . . is presumed to be the center of the debtor's main interests." 11 U.S.C. § 1516(c). The section 1516(c) presumption "permits and encourages fast action in cases where speed may be essential." *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 128 (Bankr. S.D.N.Y. 2007) *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008). Here, Maple Bank's registered office—the Head Office—is in Frankfurt, Germany, (Schildt Decl. ¶¶9, 26.), and therefore, Germany is presumed to be the Maple Bank's COMI under section 1516(c) of the Bankruptcy Code.

27.     Generally, "COMI lies where the debtor conducts its regular business, so that the place is ascertainable by third parties." *Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 130 (2d Cir. 2013). To determine Maple Bank's COMI, courts commonly consult a non-exhaustive list of factors, including:

> the location of the debtor's headquarters; the location of those who actually manage the debtor (which, conceivably could be the headquarters of a holding company); the location of the debtor's primary assets; the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case; and/or the jurisdiction whose law would apply to most disputes.

*Fairfield Sentry*, 714 F.3d at 137; *see In re Bear Stearns High-Grade Structured Credit*

*Strategies Master Fund, Ltd.*, 389 B.R. 325, 336 (S.D.N.Y. 2008).  "In addition, the court may consider the location of the debtor's 'nerve center,' including from where the debtor's activities are directed and controlled, in determining a debtor's COMI."  *In re Suntech Power Holdings Co., Ltd.*, 520 B.R. 399, 416 (Bankr. S.D.N.Y. 2014) (citation and quotations omitted).  Courts may also consider "international sources of law . . . to underscore the importance of factors that indicate regularity and ascertainability."  *Id.* (citation and quotations omitted).  Finally, courts have found that COMI is determined as of the date that the chapter 15 petition is filed.  *Fairfield Sentry*, 714 F.3d at 133-37.

28.     In this case, the Maple Bank's COMI is  Germany.  Despite certain connections to the US and other countries, Maple Bank's "real seat" has always been Germany.  *See, e.g., In re Catalyst Paper Corp.*, Case No. 12-10221 (PJW) (Bankr. D. Del. Mar. 5, 2012) (Hr'g Tr. 28:14-20) [D.I. 92] (Walsh, J.: recognizing that when the "shots are called" from the foreign location, recognition is appropriate).  Since the Maple Bank's founding, their headquarters has been located at the Head Office in Frankfurt, Germany. (*See* Schildt Decl. ¶¶9, 26.)  Prior to the Petitioner's appointment as Insolvency Administrator, Maple Bank's managing directors were all German citizens and residents who managed, directed, and controlled Maple Bank's affairs from the Head Office.  (*See id.* ¶26)  While the Petitioner believes that Maple Bank may have some assets in the US, in the form of cash held in bank accounts and U.S. subsidiaries, the majority of Maple Bank's assets are in Germany, and all of Maple Bank's assets were managed and administered through its Head Office.  (*Id.* at ¶26.)  Maple Bank has no offices or employees in the US.  While Maple Bank has business relationships with US based entities, the majority of Maple Bank's debtor-creditor relationships are based in Germany.  (*Id.* at ¶10.)  Moreover, all transactions entered into by Maple Bank were reviewed and approved from its Head Office and

were subject to regulation and control by BaFin.  (*Id.* at ¶26.)  Finally, it is expected that the German Deposit Protection Funds will become the principal or one of the principal creditors of Maple Bank.  (*Id.* at ¶10.)

29.     Furthermore, the German Court has already found that Germany is Maple Bank's center of main interest.  In the February 11 Order, the German Court found that the "present proceedings are main insolvency proceedings within the meaning of Art. 3 para 1, Art. 16 EC Regulation on Insolvency Proceedings."  (February 11 Order, Schildt Decl. Ex. B at 1.)  The February 11 Order also found that the German Court "is competent for the main insolvency proceedings within the meaning of Art. 3 para 1 EC Regulation on Insolvency Proceedings[, which] states that international jurisdiction lies with the courts of the [European Union] Member State in which the centre of the debtor's main interests is situated at the time that the application is filed (= 'centre of main interests' = COMI)."  (*Id.* at 1-2.)  Art. 3 para 1 of the EC Regulations on Insolvency Proceedings provides that: "The courts of the Member State within the territory of which the centre of the debtor's main interests is situated shall have jurisdiction to open insolvency proceedings.  In the case of a company or legal person, the place of the registered office shall be presumed to be the centre of its main interests and in the absence of proof to the contrary."  (Schildt. Decl. ¶27.)  The February 11 Order concludes that "[c]urrent information and the information which the debtor has provided to [BaFin] indicates that its centre of economic activity lies in Frankfurt am Main.  Moreover, as its registered office is in Frankfurt, the presumption set out in the statute Art. 3 para 1 sentence 2 EC Regulation on Insolvency Proceedings applies."  (February 11 Order, Schildt Decl. Ex. B at 2.)

30.     In addition, the following factors support a finding that Germany is Maple Bank's COMI:

- Maple Bank's Head Office is located in Frankfurt am Main, Germany;

- All strategic business decisions concerning Maple Bank are made at, or otherwise issued from, the Head Office, including decisions related to financial and operational matters;

- Maple Bank's directors are German citizens and residents and work from the Head Office;

- Maple Bank's marketing materials, including its website, identify Maple Bank as a German company;

- Maple Bank held itself out to creditors and counterparties as a German commercial bank;

- Maple Bank held board meetings in Germany;

- Maple Bank made regulatory reports from the Head Office;

- The Head Office of Maple Bank and its Den Haag branch operated under the exclusive supervision of BaFin and Deutsche Bundesbank;

- Maple Bank pays taxes to the German taxing authorities;

- Maple Bank's books and records are held at the Head Office, including all of the Maple Bank's data and servers and the IT back up for such;

- Maple Bank's depositors were located in Germany;

- Maple Bank has bank accounts with major German banks in Germany, namely Deutsche Bundesbank, Deutsche Bank AG and Commerzbank AG; and

- The Petitioner is located in Frankfurt am Main, Germany, so all decisions related to the German Proceeding and these chapter 15 cases are made in Germany.

(Schildt Decl. ¶26.)

31.    In light of the above, that Maple Bank's COMI is Frankfurt, Germany was

inarguably "ascertainable by third parties." *See Fairfield Sentry*, 714 F.3d at 130. No other

jurisdiction has either the quantity or quality of contacts with the Debtor; thus, creditors could

reasonably anticipate that the Debtor would avail themselves of, or otherwise be subject to,

German law in the event of insolvency. The German Proceeding, therefore, is pending in Maple

Bank's COMI—Frankfurt, Germany. Accordingly, pursuant to sections 1502(4) and 1517(b)(1)

of the Bankruptcy Code, the German Proceeding should be recognized as a foreign main

proceeding.

**B.      Alternatively, the Germany Proceeding is a "Foreign Nonmain Proceeding"**

32.     In the event that the Court, for some reason, does not recognize the German

Proceeding as a foreign main proceeding, the Petitioner respectfully requests that same be

recognized as "foreign nonmain proceeding" as defined in section 1502(5) of the Bankruptcy

Code. Pursuant to section 1517(b) of the Bankruptcy Code, a foreign proceeding will be

recognized as a "foreign nonmain proceeding" if the debtor has an "establishment" in the foreign

country where the proceeding is pending. *See* 11 U.S.C. § 1517(b)(2). An "establishment"

means "any place of operations where the debtor carries out a nontransitory economic activity."

11 U.S.C. § 1502(2).

33.     Here, the Debtor indisputably has an "establishment" in Germany and thus, the

German Proceeding may be recognized as a foreign nonmain proceeding. As mentioned above,

Maple Bank's headquarters and primary management team are based in Frankfurt, Germany.

(*See* Schildt Decl. ¶¶9, 26.) Maple Bank—a German commercial bank—files and pays taxes to

the German Federal Central Tax Office (*Bundeszentralamt für Steuern*) and provides services to

German clients at German branch offices, among other things. (*See id*. at ¶26.)

34.     Accordingly, the Petitioner respectfully submits that the German Proceeding

should, in the alternative, be recognized as a "foreign nonmain proceeding" pursuant to section 1502(5) and 1517(b)(2) of the Bankruptcy Code. *See, e.g., In re Millennium Global Emerging Credit Master Fund Ltd.*, 458 B.R. 63, 85 (Bankr. S.D.N.Y. 2011) *aff'd*, 474 B.R. 88 (S.D.N.Y. 2012) (noting that, at the very least, the debtors had an "establishment" in Bermuda where two of funds' three directors were located, and their bank account, custodian, and auditors were situated); *In re SPhinX, Ltd.*, 351 B.R. 103, 122 (Bankr. S.D.N.Y. 2006) *aff'd*, 371 B.R. 10 (S.D.N.Y. 2007).

### C.   The Petitioner is a "Foreign Representative"

35.   Section 1517(a) further requires that "the foreign representative applying for recognition [be] a person or body." *See* 11 U.S.C. § 1517(a)(2). Under the Bankruptcy Code, a "foreign representative" means:

> a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24). Thus, a "foreign representative" must be (i) a person or body that is (ii) authorized in a foreign proceeding to either (a) administer the reorganization or liquidation of a debtor's assets or affairs or (b) act as a representative of such proceeding. *See Ad Hoc Grp. of Vitro Noteholders v. Vitro, S.A.B. de C.V. (In re Vitro, S.A.B. de C.V.)*, 470 B.R. 408, 412 (N.D. Tex.) *aff'd sub nom.* 701 F.3d 1031 (5th Cir. 2012). Section 101(41) of the Bankruptcy Code defines a "person" to include individuals, partnerships, and corporations. *See* 11 U.S.C. § 101(41).

36.   Pursuant to the February 11 Order, the Petitioner was appointed by the German Court to act as the Insolvency Administrator of Maple Bank. (*See* Schildt Decl. ¶14; February 11 Order, Schildt Decl. Ex. B at 1.) By virtue of this appointment, the Petitioner is the person

-15-

charged with protecting the interests of Maple Bank's creditors and other parties. (Schildt Decl. ¶¶15-16.) The Petitioner is responsible for, among other things, identifying and safeguarding Maple Bank's current assets, administering claims against Maple Bank, representing Maple Bank in all legal transactions in connection with the German Proceeding, selling assets in private transactions and entering into new business transactions. (*See Id.*, ¶15.) The February 11 Order duly authorizes and empowers the Petitioner to act as Maple Bank's foreign representative, as defined under section 101(24) of the Bankruptcy Code, and to commence this case under Chapter 15 of the Bankruptcy Code. (*See* February 11 Order, Schildt Dec. Ex. B at 1.) Accordingly, the Petitioner satisfies the requirements of sections 101(24) and 1517(a)(2) of the Bankruptcy Code.

## D.    The Verified Petition Was Properly Filed and Satisfies the Requirements of Section 1515 of the Bankruptcy Code

37.    The final prerequisite to recognition under section 1517(a) is that the petition satisfies the procedural requirements of section 1515. Section 1515 sets forth the requirements for an application for recognition under chapter 15: (i) the foreign representative must file a petition for recognition, *see* 11 U.S.C. § 1515(a); (ii) the petition for recognition must be accompanied by either (a) "a certified copy of the decision commencing [the] foreign proceeding and appointing the foreign representative," (b) "a certificate from the foreign court affirming the existence of [the] foreign proceeding and of the appointment of the foreign representative," *or* (c) if such evidence is unavailable, "any other evidence acceptable to the Court" demonstrating the existence of the foreign proceeding and "appointment of the foreign representative," *see* 11 U.S.C. § 1515(b)(1)-(3); and (iii) a statement must be filed "identifying all foreign proceedings

with respect to the debtor that are known to the foreign representative," *see* 11 U.S.C. § 1515(c).[4]

38.     Here, these cases have been commenced by the Petitioner—a foreign representative—by the filing of this Verified Petition.  11 U.S.C. § 1515(a).  The Verified Petition is accompanied by a copy of the February 11 Order, which demonstrates the commencement of the German Proceeding and further authorizes the Petitioner to act as Maple Bank's foreign representative.  (*See* February 11 Order, Schildt Decl. Ex. B at 1; 11 U.S.C. § 1515(b)(1).  Further, the Petitioner submits that the February 11 Order constitutes "a certificate from the foreign court affirming the existence of [the German Proceeding] and of the appointment of the [Petitioner]."  11 U.S.C. § 1515(b)(2).  Finally, the Verified Petition is accompanied by the *Statement of Petitioner Pursuant to 11 U.S.C. § 1515(c) Identifying Foreign Proceedings* filed concurrently herewith, which identifies the German Proceeding as the only known "foreign proceeding" with respect to the Debtor.  *See* 11 U.S.C. § 1515(c).

39.     As set forth above, each of the prerequisites to recognition under section 1517 has been met.  Accordingly, the Petitioner respectfully requests that the Court recognize (i) the German Proceeding as a foreign main proceeding, or alternatively, a foreign nonmain proceeding and (ii) the Petitioner as Maple Bank's foreign representative.

## E.     The Petitioner is Entitled to Relief Under Section 1520

40.     Upon recognition of the German Proceeding as a foreign main proceeding, section 1520 of the Bankruptcy Code prescribes certain forms of relief available to the Petitioner, and respecting Maple Bank's property within the territorial jurisdiction of the US.  Such relief is granted automatically as a consequence of recognition, and section 1520 requires no further

---

[4]     Section 1515(d) requires that documents submitted in connection with the requirements under section 1515(b) be translated into English.  Here, all documents submitted in support of the Verified Petition have been translated into English; thus, the Petitioner submits that section 1515(d) is satisfied.

showing by the Petitioner to obtain such relief. However, to the extent the Court recognizes the German Proceeding as a foreign nonmain proceeding, the Petitioner respectfully requests that the Court enter an order pursuant to section 1521 of the Bankruptcy Code, conferring on the Debtor and the Petitioner the relief set forth in section 1520(a).

**F.      Recognition of the German Proceeding is Not Contrary to Public Policy**

41.      Pursuant to section 1506 of the Bankruptcy Code, "[n]othing in [chapter 15] prevents the court from refusing to take an action governed by this chapter if the action would be manifestly contrary to the public policy of the United States." Here, recognition of the German Proceeding as a foreign main proceeding, or, alternatively, a foreign nonmain proceeding, is not contrary to US policy. As set forth above, chapter 15 was enacted to, among other things, promote (i) cooperation between US courts and foreign courts in cross-border insolvency cases, (ii) the protection of all interested parties in a cross-border insolvency, and (iii) the "maximization of the value of the debtor's assets." *See* 11 U.S.C. § 1501(a). The German Proceeding was commenced—and the Petitioner subsequently filed the Verified Petition—in order to prevent creditors from pursuing individual remedies, preserve and maximize the value of Maple Bank's assets, and ensure that any such assets are monetized and equitably distributed. (*See* Schildt Decl. ¶¶15, 21, 33.) Further, the Debtor has counterparties and potential creditors as well as US assets, that—pursuant to the February 11 Order—are subject to the Petitioner's administration in the German Proceeding. The Petitioner's administration of these counterparties, potential creditors, and assets will benefit from the assistance of this Court, which is what chapter 15 is meant to provide. Consequently, these chapter 15 cases are necessary to ensure the support and cooperation of any potential counterparties, stakeholders, and other parties whose compliance is needed to maximize the value of Maple Bank's assets in German Proceeding. Thus, the Petitioner's objectives advance fundamental policies of US bankruptcy

-18-

law, and are not contrary to them.  Accordingly, US public policy favors recognition.

**G.    Additional Relief Under Section 1521 is Necessary and Appropriate**

42.    "[W]here necessary to effectuate the purpose of [chapter 15] and to protect the assets of the debtor or the interests of the creditors, the court may, at the request of the foreign representative, grant any appropriate relief. . . ."  11 U.S.C. § 1521(a).  Such relief may include, "entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative," "providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities," and, except for certain avoidance provisions, "any additional relief that may be available to a trustee. . . ."  11 U.S.C. § 1521(a)(4), (5), and (7).

43.    The Petitioner's goal is to preserve and maximize the value of Maple Bank's assets for the benefit of their creditors.  (*See* Schildt Decl. ¶¶15, 33.)  These chapter 15 cases were filed to help the Petitioner realize that goal.  Accordingly, the Petitioner respectfully requests that it be (i) entrusted with the realization, administration, and distribution of Maple Bank's assets within the territorial jurisdiction of the United States pursuant to section 1521(a)(5) of the Bankruptcy Code and (ii) empowered to examine witnesses and take evidence or delivery of information concerning Maple Bank's assets, affairs, rights, obligations or liabilities pursuant to section 1521(a)(4) of the Bankruptcy Code.  In addition, pursuant to section 1520(a)(1) through (3), the Petitioner seeks (i) the stay of any execution as well as the commencement, or continuation of any action or proceeding concerning Maple Bank's assets, rights, obligations or liabilities and (ii) the suspension of the right to transfer, encumber or otherwise dispose of any of Maple Bank's assets, to the extent any such actions have not been stayed or suspended under sections 362 and 1520(a) of the Bankruptcy Code.  This relief is

-19-

needed in order for the Petitioner to complete Maple Bank's wind down and ensure that all distributable assets have been identified and collected. Moreover, section 1521 relief is essential to the Petitioner's ability to maximize the value of Maple Bank's assets. Such relief will preserve the value of Maple Bank's US assets, further protect claimholders against individual creditor's remedies.

44.      Additionally, pursuant to section 1521(b) of the Bankruptcy Code, the court may, upon recognition and "at the request of the foreign representative, entrust the distribution of all or part of the debtor's assets located in the United States to the foreign representative . . . provided that the court is satisfied that the interests of creditors in the US are sufficiently protected." 11 U.S.C. § 1521(b). Here, the Petitioner is actively investigating Maple Bank's US assets and operations to ensure that all creditors are being treated properly, and is bound as the arm of the German Court to maximize value of the assets and ensure proper treatment and make a distribution to creditors as prescribed by the priority scheme under German law. (*See* Schildt Decl. ¶¶15-21.) That priority scheme is similar to that applicable in chapter 7. As a result, the Petitioner respectfully submits that pursuant to section 1521(b) and at its request, the Court should authorize and direct the turnover of assets for distribution through the German Proceeding.

45.      Bankruptcy courts across the country have granted similar relief regularly. *See, e.g., In re O.W. Bunker Germany GmbH*, No. 15-13018 (SMB) (Bankr. S.D.N.Y. January 13, 2016) [D.I. 25] (recognizing German insolvency proceeding as foreign main proceeding), *In re Qimonda AG*, No. 09-14766 (RGM) (Bankr. E.D.Va. July 22, 2009) [D.I. 56] (same), *In re Lehman Brothers Bankhaus AG*, Case No. 09-12704 (JMP) (Bankr. S.D.N.Y. May 22, 2009) [D.I. 25] (same), *In re Industrie Planung Fischer Aktiengesellschaft*, No. 07-30662 (WRS)

(Bankr. M.D. Al. June 19,2007) [D.I. 7] (same).

46.     Further, the relief is appropriate because  the Petitioner is already vested with the power to take any such actions under German law. (*See* Schildt Decl. ¶26.)

## **RESERVATION**

47.     The Petitioner was recently appointed Insolvency Administrator for the Debtor and has begun to diligently investigate their operations and finances—including any potential claims or competing interests in Maple Bank's assets.  However, given the early stage of the investigation and the German Proceeding, the Petitioner does not have a complete understanding of Maple Bank's finances and operations and therefore, no statement or omission in this Verified Petition or any related filings—including the Petitioner Declaration—should be construed as (i) an admission with respect to the nature, extent, scope, or validity of any potential claim against the Debtor or their assets or (ii) a full and complete statement of the facts and circumstances relevant to these chapter 15 cases.  Further, the Petitioner hereby reserves any and all rights it may have to amend, modify, or file supplemental papers in connection with this Verified Petition and the requested relief to the extent that the Petitioner deems appropriate during the course of the investigation.

## **NOTICE**

48.     Notice of this Verified Petition has been provided in accordance with the terms set forth in the Petitioner's *Ex Parte Motion for an Order (I) Scheduling Hearing Regarding Verified Chapter 15 Petition, and (II) Specifying Form And Manner of Service of Notice* filed concurrently herewith.  The Petitioner submits that such notice is proper and that no other or further notice need be provided.

## NO PRIOR REQUEST

49.    No prior motion or application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Petitioner respectfully requests that this Court enter an order, substantially in the form of the attached Proposed Order, (i) recognizing the German Proceeding as (a) a "foreign main proceeding" or, in the alternative, (b) a "foreign non-main proceeding" under sections 1502(4), 1502(5), 1515, and 1517 of the Bankruptcy Code; (ii) recognizing the Petitioner as the "foreign representative" of the Debtor as defined in section 101(24) of the Bankruptcy Code; (iii) granting the Petitioner authority—pursuant to section 1521(a) of the Bankruptcy Code—to (a) examine witnesses, take evidence, and deliver information concerning Maple Bank's assets, affairs, rights, obligations, and liabilities and (b) administer, realize, and distribute any and all of Maple Bank's assets within the territorial jurisdiction of the US; (iv) staying—pursuant to section 1521(a) of the Bankruptcy Code—the execution, commencement, or continuation of any action or proceeding concerning Maple Bank's assets, rights, obligations or liabilities to the extent they have not been stayed under section 1520; (v) suspending— pursuant to section 1521(a) of the Bankruptcy Code—the right to transfer, encumber or otherwise dispose of any of Maple Bank's assets to the extent any such right has not been suspended under sections 362 and 1520(a) of the Bankruptcy Code; and (vi) granting such other and further relief as the Court deems just and proper.

[*signature on following page*]

-22-

Dated: February 15, 2016
      New York, New York          Respectfully submitted,


**DENTONS US LLP**


     */s/D. Farrington Yates*
D. Farrington Yates
Giorgio Bovenzi
James A. Copeland
1221 Avenue of the Americas
New York, New York 10020
Tel:  (212) 768-6700
Fax:  (212) 768-6800
Email: farrington.yates@dentons.com
       giorgio.bovenzi@dentons.com
       james.copeland@dentons.com

*Counsel for the Petitioner*