**DENTONS US LLP**
D. Farrington Yates
Giorgio Bovenzi
James A. Copeland
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

*Counsel for the Petitioner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 15 |
| MAPLE BANK GmbH, | Case No. 16-_____ (___) |
| Debtor in a Foreign Proceeding. | Recognition Request Pending |

**DECLARATION OF DR. CHARLOTTE SCHILDT, AS GERMAN COUNSEL,
IN SUPPORT OF VERIFIED PETITION FOR RECOGNITION OF FOREIGN
PROCEEDING AND MOTION FOR ORDER GRANTING RELATED RELIEF**

I, Dr. Charlotte Schildt, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am over the age of 18 and, if called upon, could testify to all matters set forth in this declaration.

2. Matters stated in this declaration that are statements of fact and that are based upon my personal knowledge are true and correct. Matters stated in this declaration that are statements of fact and that are not based upon my personal knowledge but that are derived from documents and/or information supplied to me are true to the best of my information and belief.

3. I am a partner at CMS Hasche Sigle, German counsel to Dr. Michael C. Frege, in his capacity as duly appointed Insolvency Administrator and putative foreign representative (in such capacity, the "Petitioner") of Maple Bank GmbH ("Maple Bank").

4.  I am an attorney licensed to practice law in Germany and specialize in insolvency, restructuring, and banking and finance. I have been practicing law in Germany for the past nine years, providing domestic and foreign clients with legal advice on restructurings, insolvency law issues, (with an emphasis on cross border insolvencies in the banking industry) and liquidations; preparing insolvency plans; assisting in insolvency plan proceedings and handling out-of-court liquidations.

5.  Prior to joining CMS Hasche Sigle, I completed a legal traineeship at the Hanseatic Higher Regional Court in Hamburg, Germany and worked as legal assistant to University Professor Dr. R. Bork at the department of civil and general procedural law.

6.  I hereby submit this declaration in support of the *Verified Petition For Recognition of Foreign Proceeding and Motion For Order Granting Related Relief* (the "Verified Petition") seeking (i) recognition of the insolvency proceeding in Germany with respect to Maple Bank (the "German Proceeding") as a foreign main proceeding, or alternatively, a foreign nonmain proceeding, under sections 1502, 1504, 1515, and 1517 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) recognition of the Petitioner as the foreign representative of Maple Bank in connection with the German Proceeding, and (iii) additional relief under section 1521 of the Bankruptcy Code filed contemporaneously herewith.

## BACKGROUND

**A.    Maple Bank GmbH**

7.  Maple Bank is a commercial bank organized under German law (a *Gesellschaft mit beschränkter Haftung*). On September 22, 1986, Germany's Federal Supervisory Authority, *Bundesanstalt für Finanzdienstleistungsaufsicht* ("BaFin") issued Maple Bank (formerly named Banque Paribas Capital Markets GmbH) a banking license to conduct its business. Since then, Maple Bank has been subject to the regulation and control of BaFin and the German Federal Reserve Bank

(*Deutsche Bundesbank*) and is a member of the Association of German Banks (*Bundesverband deutscher Banken e.V.*) and the Auditing Association of German Banks (*Prüfungsverband deutscher Banken e.V.*). Maple Bank was established on June 26, 1986 and registered with the commercial register of the Lower District Court (*Amtsgericht*) of Frankfurt am Main under file no. HRB 26931. The Articles of Association (*Satzung*) for Maple Bank were last amended on December 21, 2011, and that amendment was registered with the commercial register in 2002. Maple Financial Europe SE is the sole direct shareholder of Maple Bank.

8. The corporate purpose of Maple Bank is to conduct commercial banking. Maple Bank attracts deposits from the general public and uses those funds to originate a variety of loans. Maple Bank also enters into repurchase agreements, securities borrowing and lending, financing structures, and engages in equity and bond trading, as well as foreign exchange and interest rate swaps. Within the framework of its legally admissible business operations, Maple Bank is authorized to execute all activities and to take all measures in furtherance of its economic purpose, including, but not limited to, the establishment of branch offices and participations in other business entities.

9. Maple Bank maintains its registered headquarters office in Frankfurt am Main, Germany, at Feuerbachstraße 26-32, 60325 Frankfurt am Main, Germany (the "Head Office"). Maple Bank's books and records are maintained at its Head Office. Maple Bank has branchs in Toronto, Canada and Den Haag, Netherlands, which are subject to German and local banking regulation (including Canada's Office of the Superintendent of Financial Institutions (*OSFI*) and the Dutch Imperial Bank (*Rijksbank*), respectively), and operates regulated broker-dealer subsidiaries in London, England; Jersey City, New Jersey, U.S.A. and Toronto, Ontario, Canada. Prior to the appointment of the Petitioner as Insolvency Administrator, Maple Bank managed its affairs exclusively from its Head Office. To the best of my knowledge, Maple Bank has no offices or employees in the US.

10. While Maple Bank has business relationships with several US-based banking entities and several other US counterparties, the bulk of Maple Bank's debtor-creditor relationships involve entities that are based in Germany. It is expected that the German Deposit Protection Funds ("PDPF") will become the principal or one of the principal creditors of Maple Bank. Maple Bank's business is centered at its Head Office.

**B.     The German Proceeding**

11. A German company may commence a German insolvency proceeding under Sections 11, 16 and 19 of the German Insolvency Act due to excessive indebtedness. These proceedings are supervised by a German insolvency court.

12. On February 6, 2016, BaFin issued a moratorium under Section 46a of the German Banking Act *(Kreditwesengesetz)* (the "February 6 Order"). Pursuant to the February 6 Order, Maple Bank is no longer able to undertake its normal business activities. The February 6 Order is the culmination of an investigation by German authorities focusing on selected trading activities by Maple Bank, and certain of its current and former employees, during taxation years 2006 through 2010. The German authorities have alleged that these trading activities violated German tax laws and are seeking to hold Maple Bank liable for alleged tax liabilities of up to €392 million. BaFin's press release regarding the February 6 Order is attached hereto as **Exhibit A** and is incorporated herein by reference.

13. On February 10, 2016, BaFin filed an application for the opening of insolvency proceedings with the insolvency court at the Frankfurt am Main Lower District Court *(Amtsgericht Frankfurt am Main)* (the "German Court"). Following such application, insolvency proceedings were opened by the German Court on February 11, 2016.

**C.     The Appointment of the Petitioner as the Insolvency Administrator**

14.    On February 11, 2016, the German Court issued an order appointing Dr. Michael C. Frege as the Insolvency Administrator (*Insolvenzverwalter*) of Maple Bank (the "<u>February 11 Order</u>"). A copy of the February 11 Order opening the insolvency proceedings and appointing the Petitioner as the Insolvency Administrator is attached hereto as **Exhibit B** and is incorporated herein by reference.

15.    Under Section 80 of the German Insolvency Act, as Maple Bank's duly appointed Insolvency Administrator, the Petitioner is vested with the power to administer the assets of the insolvency estate (*Insolvenzmasse*) of Maple Bank and to dispose of any of the assets contained in the insolvency estate. The Petitioner is the sole person entitled to act on behalf of Maple Bank with respect to all matters regarding the insolvency estate. In particular, the Petitioner, as Insolvency Administrator for Maple Bank, is responsible for, among other things:

(a)    Identifying the assets of Maple Bank worldwide, safeguarding these assets, managing and administering the insolvency estate, seeking and accepting payments due to Maple Bank and disposing of Maple Bank's assets pursuant to Section 80 of the German Insolvency Act;

(b)    Immediately assuming possession and management of the assets belonging to the insolvency estate pursuant to Section 148 of the German Insolvency Act;

(c)    Establishing a list of the individual assets belonging to the insolvency estate pursuant to Section 151 of the German Insolvency Act;

(d)    Setting up a list of all of Maple Bank's creditors which shall be established on the basis of Maple Bank's books and records or other information obtained from Maple Bank or otherwise pursuant to Section 152 of the German Insolvency Act;

(e)    Assembling a balance sheet[1] or a similar overview showing Maple Bank's assets and liabilities pursuant to Section 153 of the German Insolvency Act; and

(f)    Disposing of Maple Bank's assets in an effort to maximize value for distribution, exercising all rights to contest legal acts executed for the detriment

---

[1]  This balance sheet is still in the process of being assembled by the Insolvency Administration. It shall be submitted to the Insolvency Court prior to the reporting hearing (date to be determined).

- 5 -

of the insolvency estate and defending the insolvency estate against unjustified claims.

The Petitioner believes that the German Proceeding can be completed most efficiently if he is entrusted with the administration, realization and distribution of any such US assets in accordance with the German Proceeding and the German Insolvency Act.

**D.     The German Court Has Jurisdiction Over All Assets Wherever Located**

16.     Pursuant to Sections 35(1), 80 and 148 of the German Insolvency Act, a basic principle of the German Insolvency Act is that the Insolvency Administrator is empowered to preserve, collect and liquidate all assets of the insolvent company for distribution, wherever those assets may be located.  The general purpose of the German Proceeding is:  (a) to protect the interests of and treat equally all of Maple Bank's creditors worldwide; and (b) to prevent impairment of Maple Bank's assets.  Therefore, pursuant to Section 35 of the German Insolvency Act, the German Proceeding encompasses all of Maple Bank's assets worldwide, irrespective of whether they are located in Germany or abroad.  Additionally, pursuant to Sections 148 and 80 of the German Insolvency Act, property of Maple Bank that is held by other parties must be turned over to the Petitioner, and all debts owed to Maple Bank must be discharged by payment into the Petitioner's custody.

**E.     The German Proceeding Claims Process**

17.     All creditors of Maple Bank are entitled to file their claims in the German Proceeding in the same way and, as a general rule, with the same rights.  Under the German Insolvency Act, the German Court does not set a bar date for filing claims against the insolvency estate and claims may be filed up until the final distribution of Maple Bank's assets to Maple Bank's creditors.  The final distribution of assets will occur pursuant to a distribution list in which all claims will be listed and considered for the distribution of the assets realized. This list will be deposited with the German Court for inspection.  Any creditor that has filed a claim has a right to inspect that list.  The Petitioner will

determine the aggregate amount of claims against Maple Bank and the aggregate amount available for distribution.  If there is a dispute as to the amount or validity of any claim, a declaratory judgment action must be filed with the appropriate civil court in Germany.

18. Pursuant to Sections 188 sentence 3, 9(1) of the German Insolvency Act, the German Court publishes the distribution list on the website www.insolvenzbekanntmachungen.de.  In accordance with Section 9(1) of the German Insolvency Act, any documents published on the aforementioned website are deemed to have been made two days after their publication.  Any creditor whose claim is not listed in the table of claims and who does not produce sufficient documentation or a final court judgement evidencing the justification of his claim must, within two weeks after the public announcement that the distribution list has been deposited with the German Court, submit evidence to the Petitioner for a determination of the validity of any such claim.  If such evidence is timely submitted, the claim of the late coming creditor will be considered on a preliminary basis and payment on such claim will be withheld until a proceeding in the civil court has determined the validity of the creditor's claim.  If such evidence is not timely submitted, the respective claim will not be considered for a distribution from Maple Bank's assets.

19. Under these rules, it is in the best interest of creditors to file their claims as early as possible in order to have them registered and acknowledged in the table of claims.  Failure to promptly file a claim does not establish an absolute bar to claims against Maple Bank.  Rather, any creditor can file its claim against Maple Bank and have its claim considered under Sections 188 and 189 of the German Insolvency Act, as described above.  The only date which could be considered a "bar date" would be the expiration of the two week period after publication by the German Court of the distribution list.

**F.     Distribution of Maple Bank's Assets and Equal Treatment of Maple Bank's Creditors**

20.     The German Insolvency Act has priority and equality of distribution provisions similar to the Bankruptcy Code. The Insolvency Administrator of the bankrupt company liquidates the assets of the bankrupt company and, after all of the assets of the bankrupt company are liquidated and claims against the bankrupt company are determined, the proceeds of these assets are distributed to creditors of the bankrupt company according to a priority scheme.

21.     As a general matter, the German Insolvency Act provides for equal treatment of all creditors with similarly situated claims and does not favour or provide special treatment for creditors based in Germany, the European Union, or the European Economic Area. The German Insolvency Act respects creditors' liens and security interests.

**G.     Notice to Maple Bank's Creditors**

22.     Notice of the opening of insolvency proceedings is given by a German insolvency court by publication on its webpage: www.insolvenzbekanntmachungen.de. Here, notice was given on February 11, 2016.

23.     Following said public announcement, the Petitioner is going to mail letters to all known creditors of Maple Bank pursuant to Section 8(3) of the German Insolvency Act (the "Commencement Notice"). Pursuant to Section 46(f) of the German Banking Act (*Kreditwesengesetz*), a specific form with the heading "Request to File and Explain Claims; Respect the Delays!" in all official languages of the European Union will be attached to the Commencement Notice. Copies of the Commencement Notice and attachments will be filed with this Court promptly. This form is prescribed by the German Federal Ministry of Justice.

24.     Pursuant to Section 156 InsO of the German Insolvency Act, the German Court will schedule a meeting in coordination with the Petitioner to assemble Maple Bank's creditors so that the

Petitioner can report on (i) the reasons for Maple Bank's failure, (ii) the status of the German Proceeding, and (iii) the prospects for a successful reorganization and solicit the input of the creditors' assembly with respect to Maple Bank's insolvency proceeding.

**I.     Reporting to the German Court**

25.    The Petitioner must periodically report in writing to the German Court on the financial status of Maple Bank and on the progress of the German Proceeding. The Petitioner's respective reports become part of the file with the German Court which is available for inspection by any of Maple Bank's creditors.

**J.     Maple Bank's Center of Main Interests**

26.    I am informed that a US court may apply a factor analysis to determine the center of Maple Bank's main interests, including, among other things: the location of Maple Bank's headquarters, the location of Maple Bank's management, the location of Maple Bank's primary assets, and the location of Maple Bank's "nerve center." Accordingly, to the best of my knowledge based on my review of Maple Bank's books and records to date, I submit that the following contacts demonstrate that Maple Bank's center of main interests is Germany:

- Maple Bank's Head Office is located in Frankfurt am Main, Germany;

- All strategic business decisions concerning Maple Bank are made at, or otherwise issued from, the Head Office, including decisions related to financial and operational matters;

- Maple Bank's directors are German citizens and residents and work from the Head Office;

- Maple Bank's marketing materials, including its website, identify Maple Bank as a German company;

- Maple Bank held itself out to creditors and counterparties as a German commercial bank;

- Maple Bank held board meetings in Germany;

- Maple Bank made regulatory reports from the Head Office;

- The Head Office of Maple Bank and its Den Haag branch operated under the exclusive supervision of BaFin and Deutsche Bundesbank;

- Maple Bank pays taxes to the German taxing authorities;

- Maple Bank's books and records are held at the Head Office, including all of the Maple Bank's data and servers and the IT back up for such;

- Maple Bank's depositors were located in Germany;

- Maple Bank has bank accounts with major German banks in Germany, namely Deutsche Bundesbank, Deutsche Bank AG and Commerzbank AG; and

- The Petitioner is located in Frankfurt am Main, Germany, so all decisions related to the German Proceeding and these chapter 15 cases are made in Germany.

In addition, to the best of my knowledge based on my review of Maple Bank's financial records to date, Maple Bank owns assets with a net book value of approximately €2.6 billion as of February 10, 2016, of which approximately €1.8 billion is located within Germany.

27. Furthermore, the German Court has already found that Germany is Maple Bank's center of main interest. In the February 11 Order, the German Court found that the "present proceedings are main insolvency proceedings within the meaning of Art. 3 para 1, Art. 16 EC Regulation on Insolvency Proceedings." The February 11 Order also found that the German Court "is competent for the main insolvency proceedings within the meaning of Art. 3 para 1 EC Regulation on Insolvency Proceedings[, which] states that international jurisdiction lies with the courts of the [European Union] Member State in which the centre of the debtor's main interests is situated at the time that the application is filed (= 'centre of main interests' = COMI)." Art. 3 para 1 of the EC Regulations on Insolvency Proceedings provides that: "The courts of the Member State within the

94203195\V-5

territory of which the centre of the debtor's main interests is situated shall have jurisdiction to open insolvency proceedings. In the case of a company or legal person, the place of the registered office shall be presumed to be the centre of its main interests and in the absence of proof to the contrary." The February 11 Order concludes that "[c]urrent information and the information which the debtor has provided to [BaFin] indicates that its centre of economic activity lies in Frankfurt am Main. Moreover, as its registered office is in Frankfurt, the presumption set out in the statute Art. 3 para 1 sentence 2 EC Regulation on Insolvency Proceedings applies."

**K.      Maple Bank's United States Assets**

28.     Maple Bank has assets in the United States, the majority of which are located in New York, New York. Currently, Maple Bank has a bank account with Deutsche Bank Trust Company in New York, New York that holds cash deposits. Additionally, Maple Bank has a separate United States bank account with BMO Harris Bank N.A. holding cash deposits and is the sole shareholder of United States subsidiaries incorporated under Delaware law.

**MOTIONS**

29.     In furtherance of the above-outlined objectives, the Petitioner has filed certain motions and proposed orders and respectfully requests that the Court consider entering the proposed orders granting such motions. I have reviewed each of the motions and proposed orders (including any exhibits thereto) and the facts set forth there are true and correct to the best of my knowledge, information and belief.

**A.      Verified Petition For Recognition of Foreign Proceeding and Motion For Order Granting Related Relief**

30.     The Petitioner has also filed, concurrently herewith, the Verified Petition for Maple Bank seeking recognition of the German Proceeding and a motion for an order granting related relief. As set forth in the Verified Petition, this Court should recognize the German Proceeding as a "foreign

main proceeding," as defined in section 1502(4) of the Bankruptcy Code. In the alternative, this Court should recognize the German Proceeding as a "foreign non-main proceeding," as defined in section 1502(5) of the Bankruptcy Code.

31. I understand that the Bankruptcy Code provides that a foreign proceeding is a "foreign main proceeding" if it is pending in the country where the debtor has its "center of main interests," and a foreign proceeding is a "foreign non-main proceeding" if it is pending in the country where the debtor has an "establishment," defined as a place of operations where the debtor "carries out a nontransitory economic activity." *See* 11 U.S.C. §§ 1517(b)(1)-(b)(2), § 1502(2).

32. As set forth above, Germany is the center of main interests for Maple Bank. At the very least, Maple Bank conducts nontransitory economic activities in Germany and thus, has an "establishment" in Germany within the meaning of section 1502(2) of the Bankruptcy Code.

33. By the Verified Petition, the Petitioner also requests entry of a proposed order that, among other things, (i) stays execution against Maple Bank's assets, (ii) entrusts the administration, realization, and distribution of any and all of Maple Bank's property located in the US to the Petitioner, in order to protect, preserve, and maximize the value of such assets, (iii) suspends the right of any party save the Petitioner to transfer, encumber or otherwise dispose of any interest of Maple Bank in property located within the US, and (iv) provides for the examination of witnesses, the taking of evidence or the delivery of information concerning the Maple Bank's assets, affairs, rights, obligations or liabilities.

34. Accordingly, based on the foregoing, I urge the Court to grant the relief requested in the Verified Petition, as I believe such relief to be vital to a successful monetization of Maple Bank's assets, and therefore, is in the best interests of Maple Bank and its creditors.

**B.**     ***Ex Parte* Motion to (I) Schedule Hearing Regarding Verified Chapter 15 Petitions and (II) Specifying Form and Manner of Service of Notice**

35.     The Petitioner has filed a motion (the "Notice Motion") to (i) schedule a hearing on the Verified Petition for recognition and (ii) specify the form and manner of service of notice of the Verified Petition and other related pleadings involving the Maple Bank's chapter 15 case.

36.     Maple Bank has creditors, potential creditors, and other parties in interest, all of which need to be provided with, among other things, notice of the filing of this chapter 15 case, the proposed Recognition Order relating to the Verified Petition, the deadline to object to the Verified Petition, and the hearing on the Verified Petition. Under the facts and circumstances of this chapter 15 case, it is my belief that service of the notice in the manner proposed in the Notice Motion will provide Maple Bank's various parties in interest due and sufficient notice and service of such matters and any associated objection deadline and hearing dates.

37.     Accordingly, I believe entry of an order granting the relief requested in the Notice Motion is in the best interests of Maple Bank and all parties in interest.

## CONCLUSION

38.     Based on the foregoing, I believe that the relief requested in the Verified Petition and the Notice Motion is well justified, necessary to the success of the German Proceeding, and in the best interests of Maple Bank and its creditors and should be granted in full.

[*signature on following page*]

94203195\V-5

Executed this 15th day of February 2016
in Frankfurt, Germany.

*[signature]*

Dr. Charlotte Schildt, *as German counsel to Dr. Michael C. Frege, in his capacity as the Insolvency Administrator and putative foreign representative of Maple Bank GmbH*