# EXHIBIT B

**- Ausfertigung -**



## Amtsgericht Frankfurt am Main

**Insolvenzgericht**
**Geschäfts-Nr.: 810 IN 128/16 M**
(Bitte stets angeben)

11.02.2016



**B e s c h l u s s**

1 1. Feb. 2016

CMS Insolvenz / FfM

In dem Insolvenzverfahren

Maple Bank GmbH, Feuerbachstraße 26-32, 60325 Frankfurt am Main (AG Frankfurt
am Main, HRB 26931),
vertreten durch:
1. Florian Wirsching, (Geschäftsführer),
2. Walter Kraushaar, (Geschäftsführer),
3. Stefan Bungarten, (Geschäftsführer),
4. James Leach, (Geschäftsführer),

Verfahrensbevollmächtigte:
Rechtsanwalt Dr. Sven Schelo, Linklaters LLP, Mainzer Landstraße 16, 60325
Frankfurt am Main,

wird heute am 11.02.2016 um 13:07 Uhr das Insolvenzverfahren gemäß §§ 2, 3, 11,
16ff InsO wegen drohender Zahlungsunfähigkeit eröffnet.

Zum Insolvenzverwalter wird bestellt:

Rechtsanwalt Dr. Michael C. Frege, Neue Mainzer Straße 2-4, 60311 Frankfurt am
Main, Tel.: 069/71701-300, Fax: 069/71701-40-410.

Der Schuldnerin wird die Verfügung über ihr gegenwärtiges und zukünftiges
Vermögen für die Dauer des Insolvenzverfahrens verboten und dem
Insolvenzverwalter übertragen. Schuldbefreiende Leistungen an die Schuldnerin
können nach dem Eröffnungszeitpunkt nicht mehr erfolgen, wird gleichwohl an die
Schuldnerin geleistet und gelangen die Mittel nicht zur Masse, besteht die Gefahr der
nochmaligen Leistungsverpflichtung gegenüber dem Insolvenzverwalter.

### G r ü n d e
Bei dem vorliegenden Verfahren handelt es sich um ein Hauptinsolvenzverfahren im
Sinne von Art. 3 Abs. 1, Art. 16 EuInsVO.
Der Anwendungsanlass der EuInsVO ist gegeben: Das internationale Insolvenzrecht
regelt Insolvenzen, bei denen das Schuldnervermögen auf mehrere Länder verteilt
ist. Erforderlich ist ein „grenzüberschreitender Bezug" des Insolvenzsachverhaltes,
der vorliegend im Hinblick auf die Zweigstelle in den Niederlanden gegeben ist.
Das Insolvenzgericht Frankfurt am Main ist für das Hauptinsolvenzverfahren im Sinne
von Art. 3 Abs. 1 EuInsVO zuständig. Danach sind die Gerichte des Mitgliedsstaates

international zuständig, in dem der Schuldner im Zeitpunkt der Antragstellung den Mittelpunkt seiner hauptsächlichen Interessen" (= „centre of main interests" = COMI) hat. Für Gesellschaften und juristische Personen gilt dabei die widerlegbare Vermutung, dass dieser Mittelpunkt der satzungsmäßige Sitz der Gesellschaft ist (Art. 3 Abs. 1 Satz 2 EuInsVO).

Nach den bisherigen Erkenntnissen und den vorliegenden Angaben der Schuldnerin gegenüber der Bundesanstalt für Finanzdienstleistungsaufsicht hat diese den Schwerpunkt ihrer wirtschaftlichen Tätigkeit in Frankfurt am Main. Des Weiteren hat sie ihren satzungsmäßigen Sitz in Frankfurt, weshalb die gesetzliche Vermutung des Art. 3 Abs. 1 S. 2 EuInsVO greift.

### Rechtsmittelbelehrung

Diese Entscheidung kann von dem Schuldner, dem Pensions-Sicherungsverein, der Bundesanstalt für Finanzdienstleistungsaufsicht sowie bei juristischen Personen und Gesellschaften ohne Rechtspersönlichkeit von jedem Mitglied des Vertretungsorgans bzw. jedem persönlich haftenden Gesellschafter mit der sofortigen Beschwerde angefochten werden. Sie ist innerhalb einer Notfrist von 2 Wochen bei Amtsgericht, Gerichtsstraße 2, 60313 Frankfurt am Main einzulegen.

Die Frist beginnt mit der Zustellung bzw. mit der Verkündung der Entscheidung. Soweit die Zustellung durch öffentliche Bekanntmachung erfolgt ist, beginnt sie, sobald nach dem Tage der Veröffentlichung zwei weitere Tage verstrichen sind. Erfolgt die öffentliche Bekanntmachung neben der Zustellung ist für den Beginn der Frist das frühere Ereignis maßgebend.

Die Beschwerde kann durch Einreichung einer Beschwerdeschrift bei dem o. g. Gericht eingelegt oder auch zu Protokoll der Geschäftsstelle eines jeden Amtsgerichts erklärt werden, wobei es für die Einhaltung der Frist auf den Eingang bei dem o. g. Gericht ankommt. Sie ist von dem Beschwerdeführer oder seinem Bevollmächtigten zu unterzeichnen. Die Beschwerde muss die Bezeichnung des angefochtenen Beschlusses sowie die Erklärung enthalten, dass Beschwerde gegen diesen Beschluss eingelegt wird. Soll die Entscheidung nur zum Teil angefochten werden, so ist der Umfang der Anfechtung zu bezeichnen.

Die Beschwerde soll begründet werden.

Wissen
Richter am Amtsgericht

Ausgefertigt
Frankfurt am Main, den 11.02.2016

Corpely, Justizangestellte
als Urkundsbeamtin der Geschäftsstelle



## - Ausfertigung -

## Amtsgericht Frankfurt am Main                    11.02.2016
Insolvenzgericht
**Geschäfts-Nr.: 810 IN 128/16 M**
(Bitte stets angeben)

| | | | | mb/ Init. |
|---|---|---|---|---|
| | | 1 1. Feb. 2016 | | |

CMS Insolvenz / FfM

## B e s c h l u s s

In dem Insolvenzverfahren

Maple Bank GmbH, Feuerbachstraße 26-32, 60325 Frankfurt am Main (AG Frankfurt
am Main, HRB 26931),
vertreten durch:
1. Florian Wirsching, (Geschäftsführer),
2. Walter Kraushaar, (Geschäftsführer),
3. Stefan Bungarten, (Geschäftsführer),
4. James Leach, (Geschäftsführer),

Verfahrensbevollmächtigte:
Rechtsanwalt Dr. Sven Schelo, Linklaters LLP, Mainzer Landstraße 16, 60325
Frankfurt am Main,

wird heute am 11.02.2016 um 13:07 Uhr das Insolvenzverfahren gemäß §§ 2, 3, 11,
16ff InsO wegen drohender Zahlungsunfähigkeit eröffnet.

Zum Insolvenzverwalter wird bestellt:

Rechtsanwalt Dr. Michael C. Frege, Neue Mainzer Straße 2-4, 60311 Frankfurt am
Main, Tel.: 069/71701-300, Fax: 069/71701-40-410.

Der Schuldnerin wird  die Verfügung über ihr gegenwärtiges und zukünftiges
Vermögen für die Dauer des Insolvenzverfahrens verboten und dem
Insolvenzverwalter übertragen. Schuldbefreiende Leistungen an die Schuldnerin
können nach dem Eröffnungszeitpunkt nicht mehr erfolgen, wird gleichwohl an die
Schuldnerin geleistet und gelangen die Mittel nicht zur Masse, besteht die Gefahr der
nochmaligen Leistungsverpflichtung gegenüber dem Insolvenzverwalter.

## G r ü n d e
Bei dem vorliegenden Verfahren handelt es sich um ein Hauptinsolvenzverfahren im
Sinne von Art. 3 Abs. 1, Art. 16 EuInsVO.
Der Anwendungsanlass der EuInsVO ist gegeben: Das internationale Insolvenzrecht
regelt Insolvenzen, bei denen das Schuldnervermögen auf mehrere Länder verteilt
ist. Erforderlich ist ein „grenzüberschreitender Bezug" des Insolvenzsachverhaltes,
der vorliegend im Hinblick auf die Zweigstelle in den Niederlanden gegeben ist.
Das Insolvenzgericht Frankfurt am Main ist für das Hauptinsolvenzverfahren im Sinne
von Art. 3 Abs. 1 EuInsVO zuständig. Danach sind die Gerichte des Mitgliedsstaates

international zuständig, in dem der Schuldner im Zeitpunkt der Antragstellung den
Mittelpunkt seiner hauptsächlichen Interessen" (= „centre of main interests" = COMI)
hat. Für Gesellschaften und juristische Personen gilt dabei die widerlegbare
Vermutung, dass dieser Mittelpunkt der satzungsmäßige Sitz der Gesellschaft ist
(Art. 3 Abs. 1 Satz 2 EuInsVO).

Nach den bisherigen Erkenntnissen und den vorliegenden Angaben der Schuldnerin
gegenüber der Bundesanstalt für Finanzdienstleistungsaufsicht hat diese den
Schwerpunkt ihrer wirtschaftlichen Tätigkeit in Frankfurt am Main. Des Weiteren hat
sie ihren satzungsmäßigen Sitz in Frankfurt, weshalb die gesetzliche Vermutung des
Art. 3 Abs. 1 S. 2 EuInsVO greift.


## Rechtsmittelbelehrung

Diese Entscheidung kann von dem Schuldner, dem Pensions-Sicherungsverein, der Bundesanstalt für
Finanzdienstleistungsaufsicht sowie bei juristischen Personen und Gesellschaften ohne
Rechtspersönlichkeit von jedem Mitglied des Vertretungsorgans bzw. jedem persönlich haftenden
Gesellschafter mit der sofortigen Beschwerde angefochten werden. Sie ist innerhalb einer Notfrist von
2 Wochen beim Amtsgericht, Gerichtsstraße 2, 60313 Frankfurt am Main einzulegen.
Die Frist beginnt mit der Zustellung bzw. mit der Verkündung der Entscheidung. Soweit die Zustellung
durch öffentliche Bekanntmachung erfolgt ist, beginnt sie, sobald nach dem Tage der Veröffentlichung
zwei weitere Tage verstrichen sind. Erfolgt die öffentliche Bekanntmachung neben der Zustellung ist
für den Beginn der Frist das frühere Ereignis maßgebend.
Die Beschwerde kann durch Einreichung einer Beschwerdeschrift bei dem o. g. Gericht eingelegt oder
auch zu Protokoll der Geschäftsstelle eines jeden Amtsgerichts erklärt werden, wobei es für die
Einhaltung der Frist auf den Eingang bei dem o. g. Gericht ankommt. Sie ist von dem
Beschwerdeführer oder seinem Bevollmächtigten zu unterzeichnen. Die Beschwerde muss die
Bezeichnung des angefochtenen Beschlusses sowie die Erklärung enthalten, dass Beschwerde
gegen diesen Beschluss eingelegt wird. Soll die Entscheidung nur zum Teil angefochten werden, so
ist der Umfang der Anfechtung zu bezeichnen.
Die Beschwerde soll begründet werden.


Wissen
Richter am Amtsgericht

Ausgefertigt
Frankfurt am Main, den 11.02.2016

Connely, Justizangestellte
als Urkundsbeamtin der Geschäftsstelle

*Certified English Translation of German Original*

**– Executed Copy –**

**Amtsgericht Frankfurt am Main**                                  11 February 2016
**Insolvenzgericht [*Insolvency Court*]**
**Case no.: 810 IN 128/16 M**
(Please quote in all correspondence)

| | | | | mkr |
| --- | --- | --- | --- | --- |
| | | | | Init. |
| CMS Insolvenz /FfM | | | | |

**D e c i s i o n**

In the insolvency proceedings

Maple Bank GmbH, Feuerbachstraße 26-32, 60325 Frankfurt am Main (Frankfurt am Main Local Court [*Amtsgericht*], HRB 26931),
Represented by:

1. Florian Wirsching, (director),
2. Walter Kraushaar, (director),
3. Stefan Bungarten, (director),
4. James Leach, (director),

Counsel:
*Rechtsanwalt [German lawyer]* Dr Sven Schelo, Linklaters LLP, Mainzer Landstraße 16, 60325 Frankfurt am Main,

insolvency proceedings pursuant to §§ 2, 3, 11, 16 ff German Insolvency Code [*Insolvenzordnung*] are opened today 11 February 2016 at 13:07 owing to imminent illiquidity.

The following is appointed insolvency administrator:

*Rechtsanwalt [German lawyer]* Dr Michael C. Frege, Neue Mainzer Straße 2-4, 60311 Frankfurt am Main, Tel.: 069/71701-300, Fax: 069/71701-40-410.

The debtor may not dispose of its current and future assets for the duration of the insolvency proceedings and the right of such disposal is assigned to the insolvency administrator [*Insolvenzverwalter*]. Debt-discharging payments may no longer be made to the debtor after the date of commencement; if payments are nevertheless made to the debtor and if the funds do not accrue to the insolvency estate there is a risk that the same payment may have to be repeated but this time to the insolvency administrator.

**G r o u n d s**
The present proceedings are main insolvency proceedings within the meaning of Art. 3 para 1, Art. 16 EC Regulation on Insolvency Proceedings.
The criterion for application of the EC Regulation on Insolvency Proceedings is satisfied: International insolvency law governs insolvencies where the assets of the debtor are situated in more than one country. A prerequisite is that the insolvency has "cross-border effects"; this is satisfied in the present case owing to the branch office in the Netherlands.
The Frankfurt am Main Insolvency Court [*Insolvenzgericht*] is competent for the main insolvency proceedings within the meaning of Art. 3 para 1 EC Regulation on Insolvency Proceedings. This states that international jurisdiction lies with the courts of the Member State



*Certified English Translation of German Original*

[*Round stamp: incomplete*]
in which the centre of a debtor's main interests is situated at the time that the application is filed (= "centre of main interests" = COMI). In the case of a company or legal person, the place of the registered office is presumed to be the centre of its main interests in the absence of proof to the contrary (Art. 3 para 1 sentence 2 EC Regulation on Insolvency Proceedings)
Current information and the information which the debtor has provided to the German Federal Financial Supervisory Authority [*Bundesanstalt für Finanzdienstleistungsaufsicht*] indicates that its centre of economic activity lies in Frankfurt am Main. Moreover, as its registered office is in Frankfurt the presumption set out in the statute Art. 3 para 1 sentence 2 EC Regulation on Insolvency Proceedings applies.

**Right to appeal**

The debtor, the pension safeguarding fund [*Pensions-Sicherungsverein*], the German Federal Financial Supervisory Authority and – in the case of legal persons and companies without legal personality – any member of a board with representative authority [*Vertretungsorgan*] or any general partner [*persönlich haftender Gesellschafter*] may appeal against this decision by lodging an immediate appeal [*sofortige Beschwerde*]. This must be filed to the Local Court [*Amtsgericht*], Gerichtsstraße 2, 60313 Frankfurt am Main, within a two-week statutory time limit.
The time limit begins on service/pronouncement of the decision. Where service is effected by public announcement [*öffentliche Bekanntmachung*] the time limit begins as soon as two further days have elapsed after the day of such announcement. If the decision is both served and publicly announced the time limit begins at the time of whichever is earlier.
The appeal can be lodged by filing a notice of appeal [*Beschwerdeschrift*] with the above-named court or by making a formal statement to the court registry [*Geschäftsstelle*] of any local court [*Amtsgericht*]; whether the notice of appeal is lodged within the time limit depends on when it is received by the above-named court. The appeal must be signed by the appellant or the appellant's authorised representative. The appeal must contain the reference number of the appealed decision and the statement that an appeal is being filed against this decision. If the appeal only concerns part of the decision, the part concerned must be indicated.
The appeal must be substantiated.

Wissen
Judge at local court

[*Stamp: Frankfurt am Main Local Court (Amtsgericht)*]

Executed
Frankfurt am Main, 11 February 2016

[*Signature: not legible*]
Cornely, court clerk
Clerk of court registry

HELEN COLLINS
Öffentlich bestellte u. beeidigte Urkundenübersetzerin in der englischen Sprache für Baden-Württemberg
* STUTTGART *



16-10336-mg    Doc 4-2    Filed 02/15/16    Entered 02/15/16 22:47:43    Exhibit B - February 11 Order opening and appointing the Petitioner as Insolvenc    Pg 8 of 8

*Page 3 of 3*

*Certified English Translation of German Original*

I hereby certify that the above text is a true and accurate translation of the German document provided. A print-out of that document, which was provided for translation as a PDF file, is attached hereto for information purposes.

Helen Collins, B.A. (Hons.), BDÜ*
Publicly appointed and sworn translator for English
for the courts in Baden-Württemberg
Stuttgart, 12 February 2016



* Bundesverband der Dolmetscher und Übersetzer / German Association of Interpreters and Translators